UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANET RAWL-BOURRET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-02054 |
| | § | |
| JULIE ANN RAWL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on June 4, 2024 (Doc. #50), Defendant Julie Rawl's ("Rawl") Objections (Doc. #51), and Plaintiff Janet Rawl-Bourret's ("Bourret") Response (Doc. #52). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.[1]

First, though Rawl does not object to Judge Ho's determination that certain counterclaims are untimely, she does object to Judge Ho's conclusion that Section 16.069 of the Texas Civil Practice and Remedies Code ("Section 16.069") does not save these counterclaims. *See* Doc. #51

---

[1] Also before the Court is Defendant Ohio National Life Assurance Corporation's ("ONLAC") Motion for Entry of Magistrate Judge's Findings Regarding Amended Motion for Final Judgment Order in Interpleader (Doc. #53), which Rawl and Bourret do not object to. Because the Court adopts the Memorandum and Recommendation, the Court also hereby GRANTS ONLAC's Motion. The Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 54(b).

at 3; Doc. #50 at 10–19. Section 16.069, also known as the "counterclaim rule," provides that "[i]f a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim" even if the claim would normally be time-barred. TEX. CIV. PRAC. & REM. CODE ANN. § 16.069(a). "For the counterclaims to have arisen out of the same transaction or occurrence as required by Section 16.069, the claims must have a logical relationship" to the original action. *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex. App.—Texarkana 2000, pet. denied). "To be logically related, the essential facts on which the counterclaims are based should be significantly and logically relevant to both claims." *Id.*

Rawl's main objection to Judge Ho's conclusion as to the applicability of Section 16.069 is that the Memorandum and Recommendation cites to Bourret's Second Amended Complaint (Doc. #47) rather than the First Amended Complaint (Doc. #4), which is the pleading that Rawl responded to when asserting her counterclaims (Doc. #16). But even when comparing the essential facts on which the First Amended Complaint is based, to the facts on which Rawl's counterclaims are based, it is clear that the claims do not arise out of the same transaction or occurrence. The claims asserted in Bourret's First Amended Complaint are premised on a life insurance policy ("the Policy Trust") and reimbursement tethered to that policy. *See* Doc. #4 ¶¶ 9, 14, 17. Rawl's counterclaims, on the other hand, are premised on a separate trust account ("the CR Trust"). Doc. #16 ¶¶ 84–90. Thus, the Court finds that Section 16.069 does not apply.[2]

---

[2] In addition, "[t]o the extent [Rawl's] objections refer to new evidence and arguments not previously submitted to [the Magistrate Judge], they are not properly before the court." *Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-CV-00320, 2022 WL 889276, at *1 (S.D. Tex. Mar. 25, 2022) (citation omitted). Thus, the new evidence and arguments Rawl cites to support her claims will not be considered by the Court. *See* Doc. #51 at 7–9.

Second, Rawl objects to Judge Ho's determination that her counterclaims premised on the Policy Trust are not ripe. Doc. #51 at 14–15. Here, Rawl's claims related to the Policy Trust are premised on Bourret's obligations to reimburse Rawl with proceeds that are not yet payable. Thus, the Court agrees with Judge Ho that such claims are not ripe. *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016) ("A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Third, Rawl argues that Judge Ho erroneously dismissed her claims with prejudice rather than granting leave to amend. Doc. #51 at 15–16. While Federal Rule of Civil Procedure 15(a) states that leave should be "freely given," a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (internal quotations and citation omitted); *see also Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) (unpublished) (denying leave to amend because the plaintiffs "failed to set forth with sufficient particularity the grounds for the amendment"). Here, Rawl failed to set forth the grounds for amendment in her Response to Bourret's Motion to Dismiss. *See* Doc. #26 at 15. Rawl also does not set forth any specific grounds for amendment in her Objections. Doc. #51 at 16. Moreover, with respect to the claims Judge Ho recommended be dismissed with prejudice, amendment would be futile given that the statute of limitations has run on those claims. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (recognizing the district court's "discretion to deny a motion to amend if it is futile").

Finally, Rawl objects to Judge Ho's denial of her request to file a sur-reply. Doc. #51 at 16–17. Because the Court does not find a sur-reply necessary, the Court overrules this objection

as well. *See ICI Constr., Inc. v. Hufcor, Inc.*, No. CV H-22-3347, 2023 WL 2392738, at *3 (S.D. Tex. Mar. 7, 2023) (noting that granting leave to file a sur-reply is in the district court's "sound discretion").

In conclusion, the Court finds Bourret's Motion to Dismiss (Doc. #19) is GRANTED IN PART and DENIED IN PART. Specifically, Rawl's counterclaims for (1) unjust enrichment and (2) breach of contract and promissory estoppel, to the extent these claims are premised on failure to reimburse from the CR Trust, are DISMISSED WITH PREJUDICE. Rawl's breach of contract and promissory estoppel claims are DISMISSED WITHOUT PREJUDICE to the extent those claims are premised on failure to reimburse from the Policy Trust. The Motion to Dismiss is DENIED as to Rawl's counterclaim for breach of fiduciary duty.

In addition, Defendant Ohio National Life Assurance Corporation's Motion for Final Judgment Order in Interpleader (Doc. #48) and Motion for Entry of Magistrate Judge's Findings Regarding Amended Motion for Final Judgment Order in Interpleader (Doc. #53) are hereby GRANTED. As such, the Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 54(b).

It is so ORDERED.

JUL 3 0 2024
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge